RULEY, JUDGE:
Claimant owns property located near Reedsville, in Preston County, upon which it manufactures fiberglass filter media. On the south or lower side of the property there is a roadway running generally east and west which provides access to an industrial park. All surface water accumulating on the north side of the road, where claimant’s manufacturing plant is located, and at elevations above it naturally flows toward the *394 road and thence into Kanes Creek which lies about one hundred yards south of the road. Two twelve-inch storm sewers satisfactorily provided drainage from claimant’s property to Kanes Creek until July, 1980.
In June and July, 1980, the respondent improved the access road and redesigned the storm drainage so as to replace that portion of one of the twelve-inch storm sewers which ran under the road and which connected catch basins on each side of the road, directly south of claimant’s warehouse, with an eighteen-inch storm sewer. This eighteen-inch storm sewer connected with the twelve-inch line between the road and the creek. Respondent contends that it did not increase the volume of surface water at that point but that contention is rebutted persuasively by the undisputed evidence that, when rains subsequently occurred on July 5, 6 and 7, 1980, water backed up from the twelve-inch line through the eighteen-inch line and thence through a connecting line, into and through the floor drains in claimant’s warehouse, causing it to be flooded. Thereafter the respondent extended the eighteen-inch line to Kanes Creek and that apparently solved the problem. Because of the flood, and principally as the result of damage to its products in the warehouse, claimant sustained damage in the sum of $29,482.48.
Although various imaginative defenses were asserted by the respondent, it appears that principal reliance is upon the release contained in a deed dated January 25, 1980, from the claimant to the respondent which reads:
“And for the consideration hereinbefore set forth, the said party of the first part do (sic.) hereby release the party of the second part from any and all claims for damages that may be occasioned to the residue of the lands of the party of the first part by reason of the construction and maintenance of a state road over, upon and under the tracts or parcels of real estate herein conveyed.”
In rejecting the defense based upon that release, the Court notes that by its own terms it is limited to “damages * * * to the residue of the lands”, none of which are claimed. In *395 addition, it is clear that damages such as those which are claimed never were contemplated by either party when the release was executed. In sum, the damages claimed consisted of the fair market value of manufactured products which were rendered useless and costs related to cleaning, all of which were a result of the flood. Accordingly, the Court is disposed to make an award of $29,482.48.
Award of $29,482.48.